# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL BAILEY (#2012-0009860), | ) | |
|     Plaintiff, | ) | Case No: 13 C 3405 |
| | ) | |
|     v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| WILL COUNTY ADULT, | ) | |
| DETENTION FACILITY, et al. | ) | |
|     Defendants. | ) | |

## ORDER

    Plaintiff has paid the statutory filing fee as ordered. However, Plaintiff's proposed amended complaint makes unrelated claims against different Defendants, and is therefore unacceptable. Accordingly, it is dismissed without prejudice to Plaintiff submitting a proposed second amended complaint within thirty days. Plaintiff should choose one core claim to pursue in his proposed second amended complaint. The Clerk is directed to forward Plaintiff the amended civil rights complaint form and the instructions for filing. If Plaintiff does not comply with this order, this case will be dismissed.

## STATEMENT

    Plaintiff, presently in custody at the Will County Adult Detention Facility, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force. He also alleges that he was subjected to due process violations and unconstitutional conditions of confinement while in segregation at the Will County Adult Detention Facility (hereinafter, "WCADF"). Plaintiff names as Defendants WCADF Correctional Officers Jared Brooks, Michael Olino, R. Hoch, Carter, Wolfe, and Sergeant Passehl.

    On June 28, 2013, Plaintiff was ordered to either submit a properly completed and certified application to proceed *in forma pauperis*, or to pay the statutory filing fee. Plaintiff has paid the statutory filing fee. Additionally, Plaintiff was ordered to submit a proposed amended complaint, in compliance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). As Plaintiff was instructed in the Court's order of June 28, 2013, he may not pursue unrelated claims against different Defendants. In Plaintiff's proposed amended complaint, Plaintiff alleges an incident of excessive force on December 16, 2012, against Defendants Hoch, Olino, Carter, Wolfe, and Brooks.

    Plaintiff also alleges a violation of his due process rights relating to the hearing that was held regarding the incident underlying his claim for excessive force. Plaintiff was found guilty of the disciplinary charges brought against him. While this claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the holding in *George*, makes clear that the choice of which claim(s) to pursue is the Plaintiff's not the Court's, and Plaintiff must choose with claim to pursue.

    Plaintiff makes a third claim regarding the conditions of confinement he experienced in his cell while in disciplinary segregation. He claims that after his toilet was found to be clogged by a towel, the water was shut off to his cell and he was only able to use the bathroom facilities in the

dayroom. Plaintiff also complains of restrictions on television access, visitation with family, and contact with other prisoners. While he does not specify the Defendants to this claim, this claim is clearly misjoined from Plaintiff's claim of excessive force. Plaintiff must choose which claim he wants to pursue and submit a proposed second amended complaint.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must submit a second amended complaint, plus judge's and service copies. The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The Court notes that this is the second time Plaintiff has been instructed on how to submit a proper amended complaint. If Plaintiff fails to choose a core claim to pursue, the Court may dismiss this case as any further attempt at amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

Date: August 22, 2013        /s/ Sharon Johnson Coleman
                             United States District Court Judge